Judgment reversed.

*S. Whicher,* for appellant.

*W. G. Woodward* and *H. O'Connor,* for appellee.

———⚬ ⚬ ⚬———

QUEEN *v.* GRIFFITH *et al.*

Unless an attachment is asked for in the petition, it should not be issued.

Where a petition for attachment is amended materially, such amended petition should be sworn to.

*Appeal from Polk District Court.*

*Opinion by* GREENE, J.  Petition filed by Griffith & Co., against Mary A. Queen, for goods purchased by her in the name of Mary Breckbill. The petition was sworn to, and a writ of attachment issued. To this petition a demurrer was filed and sustained by the court. The plaintiff had

---

* *Ante,* pp. 36-39.

leave to amend this petition, but neglected to swear to the new petition as amended. Defendant then moved to dismiss the attachment, on the ground that the petition does not contain the necessary averments to justify an attachment. Motion overruled, and this ruling is assigned as error.

We think the attachment should have been dismissed for two reasons:

1. Neither the original nor the amended petition asked for an attachment. This extraordinary and stringent writ should not be issued unless especially asked for in the petition. This is clearly contemplated by the Code, § 1841: "The petition which asks an attachment must be sworn to."

2. The amended petition was not sworn to. Material amendments were made to the original petition. Under these amendments it became a different petition, with additional averments; consequently the new petition, or petition as amended, should have been sworn to. But as the proceedings relative to the attachment are independent of the ordinary proceedings on the merits, the judgment will be reversed so far as to set aside the attachment proceedings.

Judgment reversed.

*C. Bates*, for appellant.

*J. E. Jewett*, for appellee.